## BUSHEE VS. WRIGHT.

PRACTICE — SERVICE — DEFAULT. In an action against several defendants where a declaration is used as the first process, it must be personally served on all the defendants, before a default can be entered against either of them, and a default taken against one before all are personally served is irregular, and should be set aside on motion, and it is error to deny a motion made to set aside a default thus entered.

.ERROR to the district court for *Grant* County.

The case is stated in the opinion of the court.

*T. P. Burnett* and *Moses M. Strong*, for plaintiff in error.

*F. J. Dunn*, for defendant in error.

IRVIN, J. This case was commenced by declaration in the district court for Grant county, by *John Wright*, the defendant in error, against *Braton Bushee*, the plaintiff in error, and Cyrus Harper, and afterward, on a change of venue, it was taken to the county of Iowa. Process seems to have been served on but one of the defendants, and as to the other, returned not found. By "An act

Bushee vs. Wright.

concerning proceedings in courts of record," a declaration may be the first process, and if a copy of it, together with the rule that the defendant plead within twenty days after service of the same, be served personally on said defendant, and he should fail to plead, a default is to be entered against him. In this case, *Bushee*, the only one of the defendants served with process, did not so plead, and a default was entered against him, to take off which he appeared and made a motion at the next district court, which motion was overruled. The principal question, and certainly the first in the cause is, did the court err in so deciding? By the sixteenth section of said act it is provided, that "upon due proof of the service of a declaration personally on *all* the defendants in the cause, their appearance shall be entered by the clerk of the court, and their *default* may be entered for not pleading, and the same proceedings may be had against them in all respects as if they had appeared." From the reading of the law, *all* must be personally served with process. In the State of New York, there was a statute with similar provisions, and the court (7 Wend. 517, and 9 id. 433) held, "that in a suit commenced by declaration against several defendants, the plaintiff could not proceed until all the defendants were served with the declaration." The court is of opinion, that when declaration is the first process, and there be more than one defendant, process must be served personally on all, and that it is error to take a default when only a part of the defendants are served with process. The default taken in this case, being taken without authority of law, should have been set aside, and the district court erred in overruling the motion made to that effect.

It is the opinion of the court that, for the error noticed, the judgment of the district court be reversed with costs, and that the same be so certified, that such other and further proceedings may be had therein as to law may appertain.